UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS ALFORD,

                Plaintiff,

-against-

FBI CHRISTOPHER WRAY, ET AL.,

                Defendants.

24-CV-6675 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Queens County, New York, brings this action *pro se*. Plaintiff invokes the Court's federal question jurisdiction, 28 U.S.C. § 1331, and asserts claims arising from his concerns about radiation in his apartment in Queens County, and his interactions with the police and Department of Health and Mental Hygiene. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this suit against a doctor at Long Island Jewish Hospital in New Hyde Park, New York, a nurse and radiologist in Queens County, and Christopher Wray, Director of the Federal Bureau of Investigation (FBI). Plaintiff alleges that in 2022 and 2023, the FBI Director "made his presence known twice on Rockaway Beach boardwalk." (ECF 1 at 5.) Queens County is in the Eastern District of New York. 28 U.S.C. § 112(c).

It is unclear from the facts alleged whether Defendant Wray resides in this district, and the other three defendants reside in Queens County, in the Eastern District. Venue thus may not lie in this district under Section 1391(b)(1), based on the residence of the defendants, because it is not clear that any defendant resides in this district.

The events giving rise to Plaintiff's claims all occurred in Queens County, and therefore venue is not proper in this district under Section 1391(b)(2) based on the location where the claims arose. Because Plaintiff's claims arose in Queens County, venue is proper under Section 1391(b)(2) in the Eastern District of New York.

Even where venue is proper in the district where a case was filed, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co.*

*v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case. The underlying events occurred in Queens County, and it is reasonable to expect that all relevant documents and witnesses also would be in Queens County. Because Plaintiff does not reside in this district, and the operative events did not take place in this district, his choice of this forum is entitled to less deference. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.

A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 10, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                          Chief United States District Judge