```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x
DENNIS ALFORD,

                Plaintiff,                    MEMORANDUM & ORDER
                                                24-CV-6695(EK)

        - against -

FBI, CHRISTOPHER WRAY, NYPD,
SEAVIEW TOWERS, LEFRAK CITY,
SAINTS JOHNS EPISCOPLE HOSPITAL,
LONG ISLAND JEWISH HOSPITAL,
JAMAICA HOSPITAL,

                Defendants.
--------------------------------------x
```

ERIC R. KOMITEE, United States District Judge:

On August 23, 2024, Dennis Alford filed this action, along with a request to proceed *in forma pauperis*. By Order dated September 10, 2024, the action was transferred to this Court from the Southern District of New York. The Court grants Alford's request to proceed *in forma pauperis*. However, for the reasons that follow, the *pro se* complaint is dismissed with prejudice.

## I. Background

Alford claims violations of his "human rights, civil rights, [and the] Due Process Clauses," which the Court construes as alleging a claim under 42 U.S.C. § 1983. *See* ECF No. 1 at 1-7. In Alford's form complaint, he alleges no any facts. However, Alford attached over seventy pages of documents

that he previously submitted in other venues. All concern the same allegation: the police and FBI are attacking him with radiation.

Alford requests no specific relief. *See* ECF No. 1 at 6. In an April 2024 Queens County Supreme Court action, he "request[ed] that the radiation torture cease and desist immediately . . . both apartment complexes shall award financial compensation in the amount of $750,000,000.00." *Id.* at 13.

## II. Legal Standard

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, claims are frivolous when they lack "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1] "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

there are judicially noticeable facts available to contradict them." *Id.* at 25.

### III. Discussion

Plaintiff's allegations can only be described as frivolous and "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). In *Kraft v. City of New York*, the Second Circuit held that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's assertions that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him." 823 F. App'x 62, 64 (2d Cir. 2020); *see also Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where plaintiff alleged a conspiracy "involving surveillance of and interference with his life" by government actors because his allegations were "irrational and wholly incredible"). Thus, the action cannot proceed.

### IV. Leave to Amend

The Second Circuit has held that "a *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once . . . ." *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013. "[B]ut amendment should be denied where the complaint gives no indication that a valid

3

claim might be stated." *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022).  The Court concludes that granting leave to amend would be futile.  The complaint does not suggest any basis for a valid claim.

## V.  Conclusion

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The Clerk of Court is respectfully directed to close this action and mail a copy of this Order to Alford.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
ERIC R. KOMITEE
United States District Judge

Dated:   March 28, 2025
         Brooklyn, New York

4